**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-26167-CIV-MARTINEZ**

GERARDO MOISES DOMINGUEZ RABAZA,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.
_____________________________________/

**ORDER**

**THIS CAUSE** is before the Court on Petitioner Gerardo Moises Dominguez Rabaza's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), [ECF No. 1]. Petitioner challenges his immigration detention without having been afforded an individualized bond determination. (*See generally* Pet.). In accordance with 28 U.S.C. § 2243, the Court issued an Order directing Respondents to show cause why the Petition should not be granted. (September 9, 2026 Order [ECF No. 3]). Respondents filed their Response on September 14, 2026 ("Response") [ECF No. 5], and Petitioner filed a Reply on September 15, 2026, [ECF No. 6]. The Court has considered the briefing, the record, and applicable law, and is otherwise fully advised. For the following reasons, the Petition is **GRANTED**.

Petitioner is a native of Cuba who has resided in the United States since December 2023. (*See* Pet. ¶¶ 22–23). On December 25, 2023, Petitioner sought admission into the United States and was paroled at San Ysidro, California, with authorization to remain in the United States until December 22, 2025. (Pet. ¶¶ 23–25). Petitioner has resided continuously in the interior of the United States for approximately three years. (*See generally* Pet.).

On or around September 3, 2026, Petitioner was encountered during a vehicle stop and taken into Immigration and Customs Enforcement ("ICE") custody. (Resp. 2). Petitioner received no traffic tickets or criminal charges as a result of the traffic stop. (Pet. ¶ 30). To date, Petitioner remains in ICE custody. (*Id.*).

Petitioner asks the Court to order Respondents to immediately release him or, in the alternative, to provide Petitioner with an individualized bond hearing before an Immigration Judge within seven days. (Pet. ¶ 10). Respondents argue Petitioner is subject to mandatory detention because he is an arriving alien. (*See generally* Resp.). Respondents attempt to distinguish the Eleventh Circuit's recent decision in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026) by explaining that the petitioners in those cases were discovered in the interior of the United States rather than at the border. (*See* Resp. 3).

The Eleventh Circuit was clear that "[t]he text and statutory structure of the INA, bolstered by the long history of detention across our immigration laws and the congressional purpose in passing IIRIRA, yield the conclusion that no-bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here." *Hernandez Alvarez*, 175 F.4th at 1262. The Eleventh Circuit further explains "[t]he INA's text confirms that the two relevant sections on detention govern distinct classes of aliens: § 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior. By interpreting § 1225 to stretch far beyond the border and ports of entry, the Government vitiates this longstanding distinction." *Id.* at 1276.

While Respondents are correct that Petitioner was initially detained as an arriving alien (*see* Resp. 5; Notice to Appear [ECF No. 1-4] 1), he was then paroled into the United States and given authorization to remain, (*see* Herrero Decl. [ECF No. 5-3] ¶ 7). Petitioner has been

continuously present in the United States for over three years and was apprehended by ICE and then detained while he was in the interior of the United States — not at a border or port. (*See* Pet. ¶¶ 30). For that reason, § 1226(a), not § 1225(b)(2), governs his detention. *See Hernandez Alvarez*, 175 F.4th at 1262. And as the Supreme Court has made clear: "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition [ECF No. 1], is **GRANTED**.

2. Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. The bond hearing must take place no later than **September 25, 2026**.

3. **On or before September 29**, Respondent shall file a Status Report informing the Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition.

4. The Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case pending compliance with this Order and until further Order of the Court.

5. The Court retains jurisdiction to address matters that may arise with respect to the Petition or this Order.

**DONE AND ORDERED** in Miami, Florida, this 21 day of September 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record